# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW ALBRIGHT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TERRAFORM LABS, PTE. LTD., JUMP CRYPTO, JUMP TRADING LLC, REPUBLIC CAPITAL, REPUBLIC MAXIMAL LLC, TRIBE CAPITAL, DEFINANCE CAPITAL/DEFINANCE TECHNOLOGIES OY, GSR/GSR MARKETS LIMITED, THREE ARROWS CAPITAL PTE. LTD., PANTERA CAPITAL, NICHOLAS PLATIAS, and DO KWON,<br><br>Defendants. | Case No. 1:22-cv-07281-JSR-BCM<br><br>The Honorable Jed S. Rakoff<br><br>The Honorable Barbara C. Moses<br><br>CLASS ACTION |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO TRANSFER VENUE

Daniel L. Berger
Caitlin M. Moyna
GRANT & EISENHOFER, P.A.
485 Lexington Avenue, Floor 29
New York, NY 10017
Tel: 646-722-8500
Email: dberger@gelaw.com
   cmoyna@gelaw.com

*Attorneys for Plaintiff*

Date: October 25, 2022

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 1

BACKGROUND ........................................................................................................... 2

ARGUMENT ................................................................................................................. 3

I.     THE FIRST-FILED RULE IS INAPPLICABLE ............................................... 3

II.    THE FACTORS WEIGH IN FAVOR OF DENYING TRANSFER ................................ 6

      A.     PLAINTIFF'S CHOICE OF FORUM, WHICH IS ACCORDED SIGNIFICANT
           WEIGHT, STRONGLY SUPPORTS DENIAL ................................................ 7

      B.     THE PLURALITY OF THE REMAINING FACTORS IS NEUTRAL ................................. 10

            1.     The Convenience of the Witnesses, Location of Relevant
                 Documents, Availability of Process to Compel Witnesses, and the
                 Forum's Familiarity with the Governing Law ......................................... 10

            2.     The Convenience of the Parties and Their Relative Means ..................... 10

            3.     The Locus of Relevant Facts ................................................................... 11

            4.     Judicial Economy and the Interests of Justice ......................................... 12

CONCLUSION .............................................................................................................. 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Albert Fadem Trust v. Duke Energy Corp.*,
    214 F. Supp. 2d 341 (S.D.N.Y. 2002) ............................................................................7

*Armouth Int'l, Inc. v. Fallas*,
    No. 19-cv-3669 (RA), 2021 WL 795448 (S.D.N.Y. Mar. 1, 2021) .........................3, 4

*City of New York v. Cyco.Net, Inc.*,
    383 F. Supp. 2d 526 (S.D.N.Y. 2005) ............................................................................7

*Curtis v. Citibank, N.A.*,
    226 F.3d 133 (2d Cir. 2006) ...........................................................................................4

*Dornoch Ltd. ex rel. Underwriting Members of Lloyd's Syndicate 1209 v. PBM*
    *Hldgs., Inc.*
    666 F. Supp. 2d 366 (S.D.N.Y. 2009) .......................................................................4, 6

*Fisher v. Hopkins*,
    No. 02 Civ. 7077 (CSH), 2003 WL 102845 (S.D.N.Y. Jan. 9, 2003) .......................7–8

*Garnish & Gather, LLC v. Target Corp.*,
    19-cv-10404, 2019 WL 6729152 (S.D.N.Y. Dec. 11, 2019) .............................. *passim*

*McCain v. Racing*
    No. 07 Civ. 5729, 2007 WL 2435170 (S.D.N.Y. Dec. 11, 2019) ...................................5

*Michael Miller Fabrics, LLC v. Studio Imports Ltd., Inc.*,
    No. 12 CV 3858, 2012 WL 2065294 (S.D.N.Y. June 7, 2012) ......................................6

*MLSMK Inv. Co. v. JP Morgan Chase & Co.*,
    651 F.3d 268 (2d Cir. 2011) .......................................................................................4, 5

*Mohamed v. Tesfaye*
    18-cv-8469, 2019 WL 1460401 (S.D.N.Y. Jan. 24, 2019) .........................................10

*National Union Fire Ins. Co. of Pittsburgh, PA v. XL Ins. America, Inc.*,
    No. 12 Civ. 5007, 2013 WL 174269 (S.D.N.Y. Jan. 7, 2013) ................................7, 11

*Patterson v. Terraform Labs, Pte. Ltd.*,
    No. 3:22-cv-03600 (N.D. Cal. June 17, 2022) ..................................................... *passim*

*In re Platinum-Beechwood Litig.*,
    18-cv-6658, 18-cv-10936, 18-cv-12018, 2020 WL 30335 (S.D.N.Y. Jan. 2,
    2020) ............................................................................................................5

*Rico Recs. Distributors, Inc. v. Ithier*,
    364 F. Supp. 2d 358 (S.D.N.Y. 2005)...........................................................6

*Santana v. Cavalry Portfolio Servs., LLC*,
    No. 19 CIV. 3773 (PAE), 2019 WL 6173672 (S.D.N.Y. Nov. 19, 2019)....................6

*S.E.C. v. W.J. Howey Co.*
    328 U.S. 293 (1946)............................................................................5

*Somerville v. Major Expl., Inc.*,
    576 F. Supp 902 (S.D.N.Y. 1983) ............................................................7, 8

*Starr Indemnity & Liability Company v. Brightstar Corp.*,
    324 F. Supp. 3d 421 (S.D.N.Y. 2018)...........................................................8

*Tomita Techs. USA, LLC v. Nintendo Co., Ltd.*,
    818 F. Supp. 2d 770 (S.D.N.Y. 2011)................................................. *passim*

*Vida Longevity Fund, LP v. Lincoln Life & Annuity Co. of New York*
    19cv6004, 2020 WL 4194729 (S.D.N.Y. July 21, 2020) ...........................................12

*Williams v. Equitable Acceptance Corp.*,
    No. 18-cv-7537, 2021 WL 135625 (S.D.N.Y. Jan. 14, 2021) ......................................8

**Statutes**

18 U.S.C. § 1961, *et seq*..................................................................1, 4

18 U.S.C. § 1964(c) .............................................................................4

18 U.S.C. § 1965 ...............................................................................7

28 U.S.C § 1391 ...............................................................................7

28 U.S.C. § 1404(a) ..........................................................................3, 6

**Other Authorities**

Fed. R. Civ. P. 9(b) ...........................................................................5

Plaintiff Matthew Albright ("Plaintiff") submits this memorandum of law in opposition to the motion to transfer venue of Defendants Terraform Labs, Pte. Ltd. ("Terraform"), Jump Trading, LLC ("Jump Trading"), Republic Maximal LLC d/b/a Republic Capital (together, "Republic"), and Pantera Capital Management, LP ("Pantera Capital") (collectively, "Moving Defendants"), ECF No. 27 ("Def. Br.").

## PRELIMINARY STATEMENT

Plaintiff brought suit against Defendants for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*. Defendants now seek to transfer this action to the Northern District of California to be consolidated with another action, styled *Patterson v. Terraform Labs, Pte. Ltd.*, No. 3:22-cv-03600 (N.D. Cal. June 17, 2022) (the "*Patterson* Action"). Although there is some overlap in the underlying facts, the claims, rights, and issues that will be the focus of Plaintiff's RICO cause of action substantially differ from those asserted in the *Patterson* Action, which primarily alleges violations of federal securities law. Thus, the *Patterson* Action is not the "first-filed" action, and the choice of forum of the plaintiff in that action should be afforded no deference. Furthermore, the balance of conveniences – particularly the weight accorded to Plaintiff's choice of forum – favors a denial of the Moving Defendants motion to transfer venue.

In addition, this action will progress more expeditiously than the *Patterson* Action. The motion for lead plaintiff will not even be heard in that action until December 13, 2022. *See Patterson v. Terraform Labs, Pte. Ltd.*, No. 3:22-cv-03600 (N.D. Cal. June 17, 2022) (ECF No. 44). Furthermore, after the appointed lead plaintiff files its amended complaint, the Defendants intend to make a motion to dismiss. *Id.* ECF No. 66 at 6. No briefing schedule has been set for such a motion, but resolution of motions to dismiss securities fraud actions routinely take a year

or longer, from the date of lead plaintiff appointment.  In contrast here, Plaintiff is ready to proceed with discovery.

     For these reasons, the Court should deny the Defendants' motion to transfer this case to the United States District Court for the Northern District of California.

## BACKGROUND

     On August 25, 2022, Plaintiff filed a putative class action in this Court, individually and on behalf of all others similarly situated, against Defendants asserting a claim under the RICO Act. ECF No. 1.  In his complaint, Plaintiff alleges that the Defendants falsely promoted, among other things, Defendant Terraform's stablecoin[1] TerraUS ("UST") via social media and other web-based and mail channels while touting the stability of the coin and guaranteeing 20% annual returns on Defendant Terraform's high-yield savings application, the  Anchor Protocol. ¶5.[2]  Plaintiff alleges that i) UST amounted to nothing more than a Ponzi scheme; ii) that Defendants knew that the "Terra" blockchain's status quo was unsustainable; and iii) that Defendants engaged in a pattern of laundering activity, siphoning billions of dollars from Defendant Terraform to a series of private cryptocurrency wallets to the detriment of Plaintiff and the putative class.  ¶¶5–9.

     On June 17, 2022, the *Patterson* Action was filed in connection with the substantial decline in price of UST and other Terra blockchain cryptocurrencies alleging violations of federal securities law, California state law, and the RICO Act – despite the fact that the PSLRA bars RICO causes of action for predicate acts that are otherwise actionable as securities fraud under the federal

---

    [1] A stablecoin is a type of cryptocurrency designed to have a "stable" price as compared to another form of currency.  The UST coin was "pegged" to the US dollar; its intended design was that one UST would always be worth one USD.

    [2] Citations to "¶___" are to paragraphs from Plaintiff's Complaint (ECF No. 1).

securities law.  Thus, by alleging violations of the federal securities law, the *Patterson* Action necessarily asserts that UST and the other Terra blockchain cryptocurrencies are securities – an important detail that substantially differentiates the two cases, including the claims, rights, and standards of proof that will be litigated in each matter.[3]

## ARGUMENT

Transfer of this case to the Northern District of California is not warranted under the first-filed rule, which does not apply here, or under the venue-transfer statute, 28 U.S.C. § 1404(a). The first-filed rule does not apply to Defendants because the action they label as first-filed – the *Patterson* Action – is a securities fraud action which will focus on different facts and different issues.  Thus, the choice of forum of the plaintiff in that action should be afforded no deference. Turning to factors underlying 28 U.S.C. § 1404(a), which permits courts to transfer venue in certain instances, Plaintiff's choice of forum is weighed heavily against the additional factors, the majority of which are neutral to all parties.

## I.   THE FIRST-FILED RULE IS INAPPLICABLE

Defendants' argument that the transfer of this case is appropriate pursuant to the first-filed rule lacks merit.  Def. Br. at 4.  In fact, this Action differs substantially enough from the *Patterson* Action that neither is the "first-filed" action.

The first-filed rule "applies where 'essentially the same lawsuit involving the same parties and the same issues' is filed in two different forums." *Armouth Int'l, Inc. v. Fallas*, No. 19-cv-

---

[3] Likewise, Defendants have no basis for the assertion that Plaintiff missed the lead plaintiff deadline in *Patterson*.  Plaintiff's position that UST and the other Terra blockchain cryptocurrencies are not securities clearly establishes Plaintiff's reasons for not filing a lead plaintiff motion.  Further, Plaintiff filed his action shortly after the lead plaintiff deadline in an effort secure his right as the first-filed RICO action against any lead plaintiff movants who lost their lead plaintiff motion in *Patterson*.

3669 (RA), 2021 WL 795448, at *4 (S.D.N.Y. Mar. 1, 2021) (quoting *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978), *overruled on other grounds, Pirone v. MacMillan, Inc.*, 894 F.2d 579 (2d Cir. 1990)).   The core question is whether "there are common violations of law alleged."   *Id*. (quoting *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 393 (S.D.N.Y. 2014).   Commonalities between two cases do not necessarily render the two duplicative. *See Armouth Int'l*, 2021 WL 795448, at *4.   The presumption behind the first-filed rule should not be applied in a "rigid" or "mechanical" way and is quite commonly overcome where circumstances warrant.   *Dornoch Ltd. ex rel. Underwriting Members of Lloyd's Syndicate 1209 v. PBM Hldgs., Inc.*, 666 F. Supp. 2d 366, 372 (S.D.N.Y. 2009) (Rakoff, J.).   The Court must therefore consider the equities of the situation when exercising its discretion.   *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2006).   Here, the first-filed rule does not apply.

The claims and rights asserted in the *Albright* and *Patterson* lawsuits differ substantially and, therefore, *Patterson* was not filed "first".   The *Albright* Action asserts solely violations of the RICO Act under 18 U.S.C. §§ 1961, *et seq.*   Although the *Patterson* Action also asserts RICO violations, its principal allegations concern violations of the federal securities laws under §§ 5, 12(a)(1), and 15 of the Securities Act of 1933 (the "Securities Act") as well as under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").   But the federal securities laws forbid asserting RICO claims alongside securities claims.   The PSLRA amended the RICO Act to provide that "no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962."   18 U.S.C. § 1964(c); *see also MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 651 F.3d 268, 274 (2d Cir. 2011). In other words, "[s]ection 107 of the PSLRA ... bars private causes of action under RICO for predicate acts that describe conduct that would otherwise be actionable as securities fraud."

*MLSMK*, 651 F.3d at 274 (quoting *Thomas H. Lee Equity Fund V, L.P. v. Mayer Brown, Rowe & Maw LLP*, 612 F. Supp. 2d 267, 281 (S.D.N.Y. 2009)); *see also In re Platinum-Beechwood Litig.*, 18-cv-6658, 18-cv-10936, 18-cv-12018, 2020 WL 30335 (S.D.N.Y. Jan. 2, 2020) (Rakoff, J.) (dismissing civil RICO claims pursuant to the PSLRA amendment to the RICO Act ).  Thus the *Patterson* Action is, at its core, purely a securities fraud action.

As a securities fraud action, the *Patterson* litigation will focus on issues not present here.  First, one issue that will be litigated in the *Patterson* Action is whether the UST stablecoins and other cryptocurrencies on the Terra blockchain are, in fact, "securities" pursuant to the *Howey* test.  *See S.E.C. v. W.J. Howey Co.*, 328 U.S. 293 (1946).  The *Howey* test is highly fact intensive, and many of those facts are not relevant to this action, which does not assert that the UST stablecoins and other cryptocurrencies are securities.   Under the *Howey* test, an interest or instrument constitutes a "security" if it satisfies the four prong test: (1) an investment of money (2) in a common enterprise (3) with the expectation of profit (4) from the essential efforts of another.  *Howey*, 328 U.S. at 298–99.  This dispute will likely comprise a significant amount of the parties' – and the court's – time and resources.

Further, while the causes of actions share commonalities, the standards for pleading claims differ significantly in a RICO action as opposed to a securities fraud action.  While the *Patterson* complaint must meet the heightened pleading standard under the PSLRA, the *Albright* complaint only needs to be pled with particularity under Fed. R. Civ. P. 9(b).  The cases cited by Defendant in support of the first-filed rule are therefore inapposite as the issues in the *Albright* and *Patterson* Actions are substantially different.  *See McCain v. Racing*, No. 07 Civ. 5729 (JSR), 2007 WL 2435170, at *2–3 (S.D.N.Y. Aug. 27, 2007) (Rakoff, J.) (granting transfer where the actions effectively involved "the same key issues" and have the same "question at the heart").

Even if the Court finds that the parties and issues are substantially similar, the Court should exercise its discretion and withhold from applying the first-filed rule in this case.  Notably, courts will generally not apply the first-filed rule in certain "special circumstances" including where the "balance of convenience favors the second-filed action." *Santana v. Cavalry Portfolio Servs., LLC*, No. 19 CIV. 3773 (PAE), 2019 WL 6173672, at *3 (S.D.N.Y. Nov. 19, 2019); *Rico Recs. Distributors, Inc. v. Ithier*, 364 F. Supp. 2d 358, 361 (S.D.N.Y. 2005) ("[I]t is, of course, well settled that, notwithstanding the "first-filed" rule, preference can be given to the later-filed case, either by dismissal of the first-filed action or by its transfer pursuant to 28 U.S.C. § 1404(a) to the venue of the later-filed action, where the balance of convenience tilts in favor of the latter-filed action.").  Courts determine the "balance of convenience" by considering the same factors as those considered in determining whether the transfer of venue is appropriate, discussed in Section II, *supra*.  *Michael Miller Fabrics, LLC v. Studio Imports Ltd., Inc.*, No. 12 CV 3858, 2012 WL 2065294, at *4 (S.D.N.Y. June 7, 2012) (Rakoff, J.).  For the reasons stated below, these factors weigh in favor of the latter-filed action.

## II.        THE FACTORS WEIGH IN FAVOR OF DENYING TRANSFER

A court may transfer civil actions "[f]or the convenience of parties and witnesses" and "in the interest of justice" to "any other district or division where it might have been brought."  28 U.S.C. 1404(a); *see also Tomita Techs. USA, LLC v. Nintendo Co., Ltd.*, 818 F. Supp. 2d 770, 771–772 (S.D.N.Y. 2011) (Rakoff, J.).

Motions to transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis.  *Dornoch Ltd.*, 666 F. Supp. 2d at 372 (quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992).  In exercising its broad discretion, a district court considers the following factors:

(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Tomita Tech.*, 818 F. Supp. 2d at 772; *see also Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341 (S.D.N.Y. 2002) (Rakoff, J.) (denying Defendants' motion to transfer and according substantial weight to plaintiffs choice of forum).  These factors do not comprise an exclusive list and are not to be applied in a mechanical or formulaic manner.  *Albert Fadem Trust*, 214 F .Supp. 2d at 343.  Rather, these, together with other factors specific to the particular case, serve as guideposts to the Court's informed exercise of discretion.  *Id*.  Here, on balance, the factors weigh against the Moving Defendants' motion to transfer venue.

### A. PLAINTIFF'S CHOICE OF FORUM, WHICH IS ACCORDED SIGNIFICANT WEIGHT, STRONGLY SUPPORTS DENIAL

Plaintiff's choice of forum is accorded considerable weight[4] and should not be disturbed unless the balance of the factors tips *heavily* in favor of transfer.  *National Union Fire Ins. Co. of Pittsburgh, PA v. XL Ins. America, Inc.*, No. 12 Civ. 5007, 2013 WL 174269, at *1 (S.D.N.Y. Jan. 7, 2013) (Rakoff, J.) (holding that Defendants failed to overcome plaintiffs' choice of forum where the locus of operative facts and the locations of the parties were scattered across multiple states) (emphasis added); *see also Fisher v. Hopkins*, No. 02 Civ. 7077 (CSH), 2003 WL 102845, at *4

---

[4] Congress intended the civil RICO venue provisions of 18 USC § 1965(a) and (b) to be a liberalization of the federal venue provision found in 28 USC § 1391.  *City of New York v. Cyco.Net, Inc.*, 383 F.Supp.2d 526, 543 (S.D.N.Y. 2005).  Courts therefore have ruled generally that when a federal statute contains specific venue provisions, those provisions should be interpreted broadly.  *See, e.g.*, *Somerville v. Major Expl., Inc.*, 576 F. Supp 902, 908 (S.D.N.Y. 1983) (the federal venue provision was "designed to allow the plaintiff the widest possible choice of forum … which will not be disturbed unless the movant shows that the balance of convenience and justice weighs ***heavily*** in favor of transfer") (emphasis added).

7

(S.D.N.Y. Jan. 9, 2003) (denying Defendants' motion to transfer venue because "some" conveniences and efficiencies are "not enough to overcome the presumption in favor of honoring plaintiff's choice of forum").  Venue may be proper although a forum is not the only possible forum, and even when a greater portion of the events giving rise to a claim occurred in another forum.  *See Williams v. Equitable Acceptance Corp.*, No. 18-cv-7537, 2021 WL 135625 at *10 (S.D.N.Y. Jan. 14, 2021) (holding that venue is proper under the liberalized RICO venue provision).  Thus, even in cases where the factors are equally balanced, the plaintiff is entitled to its choice.  *Starr Indemnity & Liability Company v. Brightstar Corp.*, 324 F. Supp. 3d 421, 432 (S.D.N.Y. 2018) (denying Defendants' motion to transfer venue even though the convenience of the witnesses weighed in favor of transfer).

Furthermore, in cases where the operative facts largely occurred abroad, as they did here, the Court focuses on the plaintiff's choice of forum and the reasons for that choice.  *Tomita Techs. USA, LLC v. Nintendo Co., Ltd.*, 818 F. Supp. 2d 770, 772 (S.D.N.Y. 2011) (Rakoff, J.).  The Second Circuit gives "greater deference to a plaintiff's forum choice to the extent it was motivated by legitimate reasons…"  *Id.* (internal citations omitted); *see also Garnish & Gather, LLC v. Target Corp.*, 19-cv-10404, 2019 WL 6729152, at *2 (S.D.N.Y. Dec. 11, 2019) (Rakoff, J.) (holding that plaintiff's choice of forum disfavors transfer even where plaintiff did not file in their "home district" and "the operative facts have little connection to the chosen district").

Here, Defendants contend that Plaintiff's choice of forum should be afforded little to no deference since Plaintiff is "a Florida resident" in a "class action involving plaintiffs who are scattered throughout the country."  Def. Br. at 11.  However, this action was brought pursuant to the RICO Act, the venue provisions of which are designed to allow the plaintiff a wide possible choice of forums.  *See Somerville v. Major Exploration, Inc.*, 576 F. Supp 902, 908 (S.D.N.Y.

1983).  Further, as this Court held in *Garnish & Gather*, 2019 WL 6729152, at *2, the facts that Plaintiff did not file in its "home district" and that the plaintiffs are "scattered throughout the country" do not weigh strongly in favor of transfer.

Finally, Plaintiff has legitimate reasons for choosing this forum.  First, the principal defendant – Do Kwon – is a fugitive and South Korean National and Defendants Terraform and Three Arrows Capital are located in Singapore.  ¶¶12, 20.  Second, the remaining Defendants are scattered across various states, some of which are located in, or transact their affairs in, this district. ¶¶ 13–19, 22.  Third, the *Patterson* Action – a PSLRA case alleging violations of federal securities laws – is subject to the automatic stay provisions of the PSLRA.  The court in that action has set a hearing date of December 13, 2022 for the lead plaintiff motion.  *See Patterson v. Terraform Labs, Pte. Ltd.*, No. 3:22-cv-03600 (N.D. Cal. June 17, 2022) (ECF No. 44).  An amended complaint and motion to dismiss briefing will follow, which means that discovery may not begin for a year or longer.  *Id.* at ECF No. 66 at 6.  Plaintiff sought to avoid that delay by filing in this Court. Fourth, Plaintiff's counsel is located in this district, which supports Plaintiff's choice of this venue. *See Tomita Tech.*, 818 F. Supp. 2d at 773 (holding the "availability of appropriate legal assistance is a legitimate reason for choosing a forum, to which the Court should defer") (internal citations omitted).

For these reasons, Plaintiff's choice of forum outweighs the remaining factors thereby warranting denial of the motion to transfer venue.

### B.   THE PLURALITY OF THE REMAINING FACTORS IS NEUTRAL

#### 1.   The Convenience of the Witnesses, Location of Relevant Documents, Availability of Process to Compel Witnesses, and the Forum's Familiarity with the Governing Law

The majority of the remaining factors considered by the court are neutral.  The convenience of the witnesses and location of relevant documents are not concentrated in either New York or California.  Def. Br. at 9.  Further, the witnesses located outside of the United States will be required to travel to either New York or California and, to the extent witnesses are located in the United States, there is no suggestion that they are concentrated in New York or California.  *Id*.  Similarly, the availability of process to compel witnesses and the forum's familiarity with the underlying law are neutral factors as witnesses are unlikely to be located in one particular district.  Def. Br. at 11.

#### 2.   The Convenience of the Parties and Their Relative Means

The convenience of the parties and their relative means is neutral and thus does not diminish the substantial weight held by plaintiffs choice of forum.  The parties are scattered across the globe with the principal Defendants located in Singapore and other Defendants located in New York, California, and Hong Kong.  Further, even foreign plaintiffs are entitled to deference in their choice of forum, *Tomita Tech.*, 818 F. Supp. 2d at 772, and this Court has denied transfer even where the plaintiff filed outside of its home district. *See Garnish & Gather*, WL 6729152, at *2.

The Defendants assert that "[c]ourts have found that the convenience of parties favors transfer where neither party is located in the original forum state."  Def. Br. at 10 (quoting *Mohamed v. Tesfaye*, 18-cv-8469(JSR), 2019 WL 1460401, at *6 (S.D.N.Y. Jan. 24, 2019) (Rakoff J.)).  However, in *Mohamed*, the Court ruled that the convenience off parties weighed in favor of transfer to California where "none of the parties [were] located in New York" and all of the parties

either resided in, or had their principal place of business in, California.  *Id*.  In the case at hand, the convenience of the parties is neutral as the location of the parties are scattered and Plaintiff is entitled to deference in his choice of forum.

Furthermore, the factor regarding the parties' means is neutral as Plaintiff and the Moving Defendants are represented by counsel with significant litigation experience in New York and California courts.

### 3.      The Locus of Relevant Facts

The locus of relevant facts in this action arises principally from conduct in Singapore where Defendant Terraform is incorporated, and South Korea, where it has its principal place of business. ¶12.  The domestic conduct that occurred transpired throughout the United States.  ¶¶28–30. Further, the parties to this action are scattered internationally, including in Singapore, Hong Kong, and various states in the United States.  ¶¶11–24.  The locus of relevant facts is therefore neutral and fails to counterbalance the substantial weight afforded to Plaintiff's choice of forum.  The Moving Defendants do not argue that the locus of relevant facts arose in California, nor could they. *See* Def. Br. at 10–11.  Instead, they merely allege that Plaintiff failed to assert that the locus of relevant facts arose in New York.  *Id*.  But the suitability of this forum does not depend on the locus of facts being in New York.  Significantly, this Court has held that Defendants failed to overcome the weight held by plaintiffs' choice of forum where the locus of relevant facts was scattered across multiple states.  *See National Union*, 2013 WL 174269, at *1; *see also Garnish & Gather*, 2019 WL 6729152, at *2 (holding that plaintiff's choice of forum disfavors transfer even where "the operative facts have little connection to the chosen district").

Finally, Defendants assert that the locus of relevant facts "substantially favors transfer from this district when a party has not shown that any of the operative facts arose in the Southern District

of New York". Def. Br. at 10 (quoting *Mohamed*, 2019 WL 1460401, at *5). However, *Mohamed*

is an inappropriate comparison. In *Mohamed*, the court held that the locus of operative facts was

clearly located in California, where Plaintiff created and recorded certain songs in question. In the

case at hand, the locus of relevant facts arises from conduct in neither New York or California, but

in Singapore. This factor is neutral.

### 4.       Judicial Economy and the Interests of Justice

The interests of justice and judicial economy will not be served by a transfer because the

claims and issues asserted in the actions are substantially different. In fact, even when a case in

another district presents similar legal or factual issues, transfer will not be warranted unless the

movant shows that the cases are so similar that transfer would plainly serve the interest of judicial

economy. *Vida Longevity Fund, LP v. Lincoln Life & Annuity Co. of New York*, 19cv6004, 2020

WL 4194729, at *14 (S.D.N.Y. July 21, 2020) (denying transfer and holding that duplication of

discovery does not weigh in favor of transfer because the parties can agree to coordinate discovery

thereby minimizing the potential for significant duplication efforts).

The Moving Defendants have failed to establish that the two actions are so similar that

transfer would plainly serve the interest of judicial economy. First, Defendants' reliance on

*Williams v. City of New York*, No. 03cv5342, 2006 WL 399456 (S.D.N.Y Feb. 21, 2006) in support

of their motion is misplaced. Def. Br. at 8–9. In *Williams*, the plaintiff's choice of forum

consideration – the factor which is accorded the most weight in the court's analysis – was not at

issue because the ***same plaintiff*** "brought ***identical claims*** in both the Southern District and

Eastern Districts actions". *See Williams*, 2006 WL 399456, at *3 (emphasis added). That is simply

not the case here, where the two actions contain ***different claims*** – federal securities violations vs.

RICO violations.[5]  The Moving Defendants also cite to *Iconic IP Holdings, L.L.C. v. Gerrit's Brands, Inc.*, 21-cv-1068, 2021 WL 7543607, at *6 (S.D.N.Y. May 21, 2021), which is inapposite because it involves "the same claims" which is not the case here.  *See* Def. Br. at 9.

None of the remaining considerations weighs in favor of the Moving Defendants' Motion to Transfer Venue at all, and the significant weight to be afforded to Plaintiff's choice of forum controls.  The Moving Defendants' motion to transfer venue to the Northern District of California should therefore be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Moving Defendants' motion to transfer this action to the Northern District of California.

> */s/Daniel L. Berger*
> Daniel L. Berger
> Caitlin M. Moyna
> GRANT & EISENHOFER, P.A.
> 485 Lexington Avenue, Floor 29
> New York, NY 10017
> Tel: 646-722-8500
> Email: dberger@gelaw.com
>        cmoyna@gelaw.com
>
> *Attorneys for Plaintiff*

Date:  October 25, 2022

---

[5] Moreover, since the two actions involve different claims the potential for inconsistent determinations should not be accorded weight.

13