UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW ALBRIGHT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TERRAFORM LABS, PTE. LTD., JUMP CRYPTO, JUMP TRADING LLC, REPUBLIC CAPITAL, REPUBLIC MAXIMAL LLC, TRIBE CAPITAL, DEFINANCE CAPITAL/DEFINANCE TECHNOLOGIES OY, GSR/GSR MARKETS LIMITED, THREE ARROWS CAPITAL PTE. LTD., PANTERA CAPITAL, NICHOLAS PLATIAS, and DO KWON,<br><br>Defendants. | Case No. 1:22-cv-07281-JSR |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS JUMP TRADING, LLC, TERRAFORM LABS, PTE. LTD.,
REPUBLIC MAXIMAL LLC, AND PANTERA CAPITAL MANAGEMENT LP'S
MOTION TO TRANSFER VENUE**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

ARGUMENT ....................................................................................................................................... 1

    I.    Plaintiff's Attempt To Evade The First-Filed Rule Fails ...................................................... 1

    II.   Plaintiff's Arguments To Evade Transfer Under 28 U.S.C. § 1404(a) Factors Fail ........... 4

        A.   The Interests of Justice And Judicial Economy Strongly Favor Transfer ........................ 4

        B.   Plaintiff's Choice Of Forum Does Not Outweigh Remaining § 1404(a) Factors ............ 5

        C.   The Balance Of The Remaining Factors Weigh In Favor Of Transfer ............................ 7

CONCLUSION .................................................................................................................................... 7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*,
  860 F. Supp. 128 (S.D.N.Y. 1994) ................................................................................................ 2

*Albert Fadem Trust v. Duke Energy Corp.*,
  214 F. Supp. 2d 341 (S.D.N.Y. 2002) ........................................................................................... 7

*Armouth Int'l, Inc. v. Fallas*,
  2021 WL 795448 (S.D.N.Y. Mar. 1, 2021) ................................................................................... 3

*Bayer Schera Pharma AG v. Sandoz, Inc.*,
  2009 WL 440381 (S.D.N.Y. Feb. 18, 2009) ................................................................................. 4

*Garnish & Gather*, LLC v. *Target*,
  2019 WL 6729152 (S.D.N.Y. Dec. 11, 2019) ............................................................................... 7

*Glass v. S & M NuTec*, LLC,
  456 F. Supp. 2d 498 (S.D.N.Y. 2006) ........................................................................................ 5, 7

*Gorman Co., LLC v. U.S. E.P.A.*,
  2011 WL 749508 (E.D. Ky. Feb. 24, 2011) .................................................................................. 3

*Iconic IP Holdings v. Gerrit's Brands, Inc.*,
  2021 WL 7543607 (E.D.N.Y. May 21, 2021) ...................................................................... 4, 5, 7

*McCain v. Racing*,
  2007 WL 2435170 (S.D.N.Y. Aug. 27, 2007) ............................................................................... 2

*Michel v. Petco Animal Supplies Stores, Inc.*,
  404 F. Supp. 3d 685 (E.D.N.Y. 2017) ........................................................................................... 2

*MLSMK Inv. Co. v. JP Morgan Chase & Co.*,
  651 F.3d 268 (2d Cir. 2011) .......................................................................................................... 3

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. XL Ins. Am., Inc.*,
  2013 WL 174269 (S.D.N.Y. Jan. 7, 2013) .................................................................................... 7

*Patterson v. Terraform Labs, Pte. Ltd.*,
  No. 3:22-cv-03600 (N.D. Cal. filed June 17, 2022) ............................................................. 1, 2, 3

*Patton Boggs LLP v. Chevron Corp.*,
  2012 WL 6568526 (D.N.J. Dec. 14, 2012) ................................................................................... 4

*Rindfleisch v. Gentiva Health Sys., Inc.*,
  752 F. Supp. 2d 246 (E.D.N.Y. 2010) ........................................................................... 5, 7

*SEC v. Shehyn*,
  2010 WL 3290977 (S.D.N.Y. Aug. 9, 2010) ...................................................................... 2

*Tenzyk v. Am. Honda Motor Co.*,
  2019 WL 6034859 (E.D.N.Y. Nov. 14, 2019) .................................................................... 4

*Tomita Techs. USA, LLC v. Nintendo Co.*,
  818 F. Supp. 2d 770 (S.D.N.Y. 2011) ................................................................................. 6

*Totilo v. Herbert*,
  538 F. Supp. 2d 638 (S.D.N.Y. 2008) ............................................................................ 5, 7

*U.S. v. Coffman*,
  574 F. App'x 541 (6th Cir. 2014) ........................................................................................ 2

*Wald v. Bank of Am. Corp.*,
  856 F. Supp. 2d 545 (E.D.N.Y. 2012) ............................................................................ 5, 7

## **Statutes**

15 U.S.C.
  § 78aa(a) ............................................................................................................................. 5
  § 78j(b) ............................................................................................................................... 2

28 U.S.C.
  § 1404(a) .................................................................................................................... 1, 4, 5

The Moving Defendants submit this reply memorandum of law in further support of their Motion to Transfer Venue ("Motion" or "Mot.") to the Northern District of California for consolidation or coordination with a first-filed action, *Patterson v. Terraform Labs, Pte. Ltd.,* No. 3:22-cv-03600 (N.D. Cal. June 17, 2022).[1] Despite having copied large swaths of the *Patterson* complaint (including its RICO claim) verbatim, Plaintiff now claims that this action "differ[s] substantially" from *Patterson*, such that the first-filed rule is inapplicable, because *Patterson* also alleges securities law claims. Opp. 4. Plaintiff is wrong and the case should be transferred.

- *First,* all claims alleged in both actions are based on the same alleged fraudulent acts. Plaintiff, in fact, wholesale copied much of the *Patterson* complaint and there is a duplication of the alleged facts, legal issues, and all but one of the parties. His assertion that there is only "some overlap" between the cases, Opp. at 1, is thus false. If the Plaintiff's argument suffices to avoid the first-filed rule, that rule would never be applied.

- *Second,* the inclusion of a securities fraud claim in *Patterson* does not somehow render the two cases substantially different, nor does it support Plaintiff's reliance on the PSLRA's bar on RICO actions to argue this case must proceed. Instead, the PSLRA makes transfer here even more important than in a typical case because, as Plaintiff concedes, he intends to argue that the tokens at issue are not securities (Opp. 3 n.3), whereas Patterson has taken the opposite position. They cannot both be right, and one judge should address that issue.

- *Third,* Plaintiff's arguments regarding the § 1404(a) factors fare no better. Although Plaintiff concedes that the majority of the § 1404(a) factors do not weigh in his favor, he incorrectly asserts that his choice of forum outweighs these purportedly neutral factors. Not so. Here, the interests of justice, preservation of judicial economy, and significant burden on Defendants and potential witnesses in having to litigate in two related proceedings vastly outweighs Plaintiff's choice of forum. And, as explained below, Plaintiff's choice of forum deserves little weight where Plaintiff has filed a putative class action, there is a preexisting first-filed putative class action, and Plaintiff filed for tactical rather than legitimate reasons.

## ARGUMENT

### I.   Plaintiff's Attempt To Evade The First-Filed Rule Fails

As demonstrated in the Motion, transfer is proper under the first-filed rule where "two district courts concurrently have before them actions involving substantially or effectively the

---

[1] Capitalized terms shall have the same meaning as in the Motion. Plaintiff's Memorandum of Law in Opposition to Defendants Motion to Transfer Venue, ECF No. 29, will be referred to as "Opp."

1

same parties and issues[.]" *McCain v. Racing*, 2007 WL 2435170, at *2 (S.D.N.Y. Aug. 27, 2007) (Rakoff, J.); *see 800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 131 (S.D.N.Y. 1994). Variation in the exact claim brought does not preclude application of the first-filed rule. *McCain*, 2007 WL 2435170, at *2. Indeed, in *Michel v. Petco Animal Supplies Stores, Inc.*, 404 F. Supp. 3d 685 (E.D.N.Y. 2017), the court rejected the plaintiff's argument that the claims were not "substantially similar" because the complaint "contain[ed] factual allegations that [were] identical" to the first-filed complaint. *Id.* at 690.

Plaintiff seeks to sidestep this rule by arguing that his case is substantially different from *Patterson*, which indisputably was filed first, because his case is *only* a RICO action and *Patterson* is *mainly* a securities fraud case. That disingenuous characterization fails for several reasons.

*First*, both complaints assert RICO claims based on the same alleged predicate acts of mail and wire fraud. Compl. ¶¶ 127–137; Compl. ¶¶ 225–258, *Patterson v. Terraform Labs, Pte. Ltd.*, No. 3:22-cv-03600 (N.D. Cal. June 17, 2022). At issue in both complaints is alleged wrongdoing in connection with the creation and trading of tokens on the Terra ecosystem, including LUNA and UST. Indeed, Plaintiff's RICO allegations are lifted verbatim from or are nearly identical to *Patterson*'s RICO allegations. *See* Mot. at 14–18. Although *Patterson* also includes allegations of securities fraud, those allegations do not somehow make the cases (or their theories of fraud) "substantially different." To the contrary, mail and wire fraud share the same fundamental elements as securities fraud. *See U.S. v. Coffman*, 574 F. App'x 541, 549 (6th Cir. 2014) ("securities fraud under 15 U.S.C. § 78j(b) is 'quite similar' to mail fraud"); *SEC v. Shehyn*, 2010 WL 3290977, at *3 (S.D.N.Y. Aug. 9, 2010) (defendant's admissions by guilty plea to mail and

2

wire fraud charges established requisite elements of securities fraud charges).[2]

*Second*, contrary to Plaintiff's contention, the PSLRA's bar on RICO actions proceeding alongside securities fraud actions underscores the importance of transfer here. Plaintiff correctly notes that "[s]ection 107 of the PSLRA … bars private causes of action under RICO for predicate acts that describe conduct that would otherwise be actionable as securities fraud." Opp. at 4 (quoting *MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 651 F.3d 268, 274 (2d Cir. 2011)). But Plaintiff misperceives the relevance and significance of this statutory provision. *Patterson* contends that the tokens at issue are securities; *Albright* contends they are not. They seek to make these arguments on behalf of the same putative classes—*but both arguments cannot be correct*. Further, Albright's choice not to assert a securities claim changes nothing, because Patterson did assert securities claims. *See MLSMK Inv. Co.*, 651 F.3d at 277 ("Crucially, the plain language of the statute "does not require that the same plaintiff who sues under RICO must be the one who can sue under securities laws"). Where, as here, two plaintiffs intend to make mutually exclusive arguments on behalf of overlapping proposed classes, one court should decide the matter so there are not conflicting judgments based on the same set of alleged facts. And where different plaintiffs pursue different litigation strategies, this "weigh[s] in favor of transfer, not against it." *Gorman Co., LLC v. U.S. E.P.A.,* 2011 WL 749508, at *6 (E.D. Ky. Feb. 24, 2011) ("arguments and authorities being presented to one or some of the district judges but not their judicial counterpart(s)" could harm the decisional law, judicial process, and settled notions of fairness). In

---

[2] Plaintiff cites no support for his assertion that different heightened pleading standards would prevent cases from being the same for first-filed purposes. Further, Plaintiff's repeated citations to *Armouth Int'l, Inc. v. Fallas*, 2021 WL 795448 (S.D.N.Y. Mar. 1, 2021) are inapposite. There, the two cases were a common law fraud and tort case against an individual and a company's Chapter 7 liquidation suit, and the bankruptcy court previously determined that the common law case was independent from the bankruptcy proceeding. *Id.* at *4. This is a far cry from *Albright* and *Patterson*'s nearly identical RICO and securities claims based on the same alleged scheme.

any event, the *Patterson* court has not yet ruled on the validity of the RICO claim.[3]

*Finally,* Plaintiff does not argue that any special circumstance applies here, and—as discussed below—the factors comprising the balance of convenience do not clearly outweigh the presumption in favor of the first-filed case but instead support transfer.

## II. Plaintiff's Arguments To Evade Transfer Under 28 U.S.C. § 1404(a) Factors Fail

The balance of the § 1404(a) factors weighs heavily in favor of transfer. Plaintiff bypasses the first question of the § 1404(a) analysis—"whether the action could have been brought in the transferee district"—apparently because he concedes it. On the second question, Plaintiff admits the majority of factors do not weigh against transfer and instead argues that his choice of forum alone should outweigh what he calls the "neutral" § 1404(a) factors. *See* Opp. at 6–13. That is not the law.

### A. The Interests of Justice And Judicial Economy Strongly Favor Transfer

Plaintiff concedes transfer is warranted where two cases "are so similar that transfer would plainly serve the interest of judicial economy." *See* Opp. at 12. The existence of *Patterson* plainly weighs in favor of transfer to preserve judicial economy and avoid potentially inconsistent rulings, including because the mutually exclusive legal arguments Patterson and Albright intend to assert should be decided by one court. *See Iconic IP Holdings v. Gerrit's Brands, Inc.*, 2021 WL 7543607, at *6 (E.D.N.Y. May 21, 2021); *see also Bayer Schera Pharma AG v. Sandoz, Inc.,* 2009

---

[3] Even assuming the RICO claim in *Patterson* will be dismissed under the PSLRA, that would not weigh against transfer. Courts have transferred cases where claims have already been dismissed. *See Tenzyk v. Am. Honda Motor Co.*, 2019 WL 6034859, at *4 (E.D.N.Y. Nov. 14, 2019) (transferring case to California where first-filed complaint was dismissed and appeal was pending); *Patton Boggs LLP v. Chevron Corp.*, 2012 WL 6568526, at *2 (D.N.J. Dec. 14, 2012) (ordering transfer even though it might "sound the death knell for [Plaintiff's] claims"). Where a plaintiff appears to file a case to avoid dismissal elsewhere, "that is not a reason to maintain this action" because it would encourage forum shopping by plaintiffs. *Tenzyk*, 2019 WL 6034859, at *3.

4

WL 440381, at *4 (S.D.N.Y. Feb. 18, 2009).

### B. Plaintiff's Choice Of Forum Does Not Outweigh Remaining § 1404(a) Factors

Plaintiff argues that his choice of forum should outweigh any other factor merely because venue *could be* proper here,[4] some of the parties and witnesses are located abroad, and *Patterson* may take longer. Opp. at 9.[5] Plaintiff's argument fails for two reasons.

*First*, Plaintiff's choice of forum is entitled to particularly little weight in the class action context and especially where there is a first-filed action. *See Rindfleisch v. Gentiva Health Sys., Inc.*, 752 F. Supp. 2d 246, 251 (E.D.N.Y. 2010) ("plaintiff's choice of forum is a less significant consideration in a (here, putative) class action than in an individual action."); *Iconic IP Holdings*, 2021 WL 7543607, at *6; *Totilo v. Herbert*, 538 F. Supp. 2d 638, 640 (S.D.N.Y. 2008); *Glass v. S & M NuTec, LLC,* 456 F. Supp. 2d 498, 504 (S.D.N.Y. 2006); *Wald v. Bank of Am. Corp.,* 856 F. Supp. 2d 545, 550 (E.D.N.Y. 2012) (plaintiff's choice of forum weighed "lightly" in class action). Tellingly, virtually none of the cases that Plaintiff cites decided a motion to transfer in the class action context. The one that does, *Somerville*, Plaintiff cites only for the proposition that the RICO venue provisions are broad (though the issue here is not the breadth of RICO's venue provision but whether the case should be transferred based on a first-filed case also asserting a RICO claim). *See generally* Opp. at 7–9. Plaintiff's choice of forum has even less significance where, as here, Plaintiff "has no special connection" to this district. *See Totilo*, 538 F. Supp. 2d at 640; *Glass*, 456 F. Supp. 2d at 504.

---

[4] Where, as here, there is a first-filed case in another court asserting the same claim, that the breadth of the RICO venue provision gives Plaintiff a wide choice in venues means nothing. Notably, the federal securities laws *also* have nationwide venue provisions. *See, e.g.*, 15 U.S.C. § 78aa(a).

[5] Plaintiff's argument that duplication of discovery does not favor transfer because the parties can coordinate discovery contradicts his purported concern that *Patterson* will take "over a year" to enter discovery. Opp. at 12. Plaintiff cannot have it both ways.

*Second*, Plaintiff has not asserted any legitimate reasons for his choice of forum. In granting weight to the plaintiff's choice of forum in *Tomita Techs.*, a patent infringement case on which Plaintiff relies throughout the Opposition, this Court analyzed whether the plaintiff's choice was "motivated by legitimate reasons" or instead by "tactical" advantage. *See, e.g.*, Opp. at 6, 7, 8, 9; *Tomita Techs. USA, LLC v. Nintendo Co.*, 818 F. Supp. 2d 770, 772 (S.D.N.Y. 2011) (Rakoff, J.). The Court explained that legitimate reasons include "the plaintiff's residence in relation to the forum, the availability of witnesses or evidence to the forum district, the defendant's amenability to suit in the forum district, the availability of appropriate legal assistance, and other reasons relating to convenience or expense." *Id*. Conversely, tactical advantage "includes benefits from 'local laws,' . . . a defendant's 'unpopularity in the region,' or *'the inconvenience and expense to the defendant resulting from litigation in that forum.'" Id.* (emphasis added).

Here, Plaintiff all but admits tactical considerations motivated him to file in this District. *See, e.g.*, Opp. 3 n.3 (Plaintiff concedes he filed in this District to "secure his right as the first-filed RICO action against any lead plaintiff movants who lost their lead plaintiff motion in *Patterson*"). Unlike *Tomita,* Plaintiff has alleged no connection to New York. His argument that his lawyers are located in New York is at best disingenuous; Grant & Eisenhofer has an office in San Francisco.[6] By contrast, Plaintiff gains a tactical advantage by forum shopping as he avoided filing a lead plaintiff motion in *Patterson* and is pushing this case to proceed "expeditiously" while *Patterson* is ongoing. In doing so, Plaintiff knows Defendants will be greatly inconvenienced by litigating two actions at once. Because Plaintiff was motivated by tactical considerations, his choice of forum is entitled to "no weight whatever, and transfer of venue is appropriate." *See*

---

[6] *See* Grant & Eisenhofer, https://www.gelaw.com/contact (last visited Oct. 26, 2022) (listing a San Francisco office at 2325 3rd Street, Suite 329, San Francisco, CA 94107).

*Rindfleisch*, 752 F. Supp. 2d at 251.[7]

"Balanced against the clear and convincing showing by defendants that the interests of justice and judicial economy strongly favor transfer, plaintiff's choice of forum must yield." *Wald v. Bank of Am. Corp.,* 856 F. Supp. 2d 545, 551 (E.D.N.Y. 2012). Such is the case here, "where the first-filed rule applies and there are significant overlapping factual issues between the two pending cases," both of which are pleaded as class actions. *See Iconic IP Holdings*, 2021 WL 7543607, at *6; *Totilo*, 538 F. Supp. 2d at 640; *Glass v. S & M NuTec*, 456 F. Supp. 2d at 504.

### C. The Balance Of The Remaining Factors Weigh In Favor Of Transfer

The balance of the remaining factors favors transfer. As noted in the Motion, the conveniences of the parties, their means, the convenience of witnesses, location of documents, and locus of facts support transfer because it would be highly inefficient, cost-consuming, and burdensome to litigate *Patterson* in California and *Albright* in New York. Because the parties agree that the remaining factors (availability of process and forum's familiarity with the governing law) are neutral, they do not change the balance tipping in favor of transfer.

### CONCLUSION

For all the foregoing reasons and the reasons stated in the Motion, the Moving Defendants respectfully request that the Court transfer this action to the Northern District of California.

---

[7] Plaintiff's cases in support of his choice of forum argument (Opp. at 7–9) are factually distinguishable and irrelevant. In *Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002) (Rakoff, J.), this Court denied transfer because "no fewer than twelve federal securities actions ha[d] been filed in the Southern District of New York" and consolidated before the motion to transfer was made. And in *Garnish & Gather, LLC* v. *Target,* 2019 WL 6729152, at *2 (S.D.N.Y. Dec. 11, 2019), this Court afforded plaintiff's choice of forum "mild" weight as it was unconnected to the claim and denied transfer based on other factors. Last, in *National Union Fire Insurance Co. of Pittsburgh, PA v. XL Insurance America, Inc.*, 2013 WL 174269 (S.D.N.Y. Jan. 7, 2013) (Rakoff, J.), this Court denied transfer where the *defendants did not contest* that plaintiff's choice of forum was entitled to "considerable weight." *Id.* at *1.

Dated: New York, New York
October 26, 2022

Respectfully submitted,

| | |
|---|---|
| KOBRE & KIM LLP | DENTONS US LLP |
| /s/ Amanda Tuminelli | /s/ Douglas W. Henkin |
| Steven W. Perlstein | Douglas W. Henkin |
| Jonathan Cogan | 1221 Avenue of the Americas |
| Amanda Tuminelli | New York, NY 10020 |
| 800 Third Avenue | Telephone: (212) 768-6832 |
| New York, NY 10022 | Email: douglas.henkin@dentons.com |
| Telephone: (212) 488-1200 | |
| Email: steven.perlstein@kobrekim.com | Stephen J. Senderowitz |
| Email: jonathan.cogan@kobrekim.com | 233 South Wacker Drive, Ste 5900 |
| Email: amanda.tuminelli@kobrekim.com | Chicago, IL 60606 |
| | Telephone: (312) 876-8141 |
| *Attorneys for Defendant Jump Trading, LLC* | Email: stephen.senderowitz@dentons.com |
| | |
| | *Attorneys for Terraform Labs, Pte. Ltd.* |
| SCHULTE ROTH & ZABEL LLP | POLSINELLI PC |
| /s/ Michael E. Swartz | /s/ Bryan Westhoff |
| Michael E. Swartz | Bryan Westhoff |
| Gary Stein | 150 N. Riverside Plaza, Suite 3000 |
| 919 Third Avenue | Chicago, IL 60606 |
| New York, NY 10022 | Telephone: (312) 873-2973 |
| Telephone: (212) 756-2441 | Email: bwesthoff@polsinelli.com |
| Email: gary.stein@srz.com | |
| Email: michael.swartz@srz.com | *Attorneys for Republic* |
| | |
| *Attorneys for Pantera Capital Management LP* | |