UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW ALBRIGHT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TERRAFORM LABS, PTE. LTD., JUMP TRADING LLC, DELPHI DIGITAL CONSULTING, INC., DO KWON, NICHOLAS PLATIAS, LUNA FOUNDATION GUARD LTD., JOSE MACEDO, KANAV KARIYA, and REMI TETOT,<br><br>Defendants. | Civil Action No. 1:22-cv-07281<br><br>Hon. Jed S. Rakoff |

**SUPPLEMENTAL BRIEF IN SUPPORT OF TERRAFORM LABS, PTE. LTD, LUNA FOUNDATION GUARD LTD., AND DO KWON'S AMENDED MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1), 12(B)(2) AND 12(B)(6)**

**ORAL ARGUMENT SCHEDULED FOR JANUARY 11, 2023**

Douglas W. Henkin
Dentons US LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
douglas.henkin@dentons.com

Stephen J. Senderowitz (admitted *pro hac vice*)
Dentons US LLP
233 S. Wacker Drive
Chicago, Illinois 60606
Tel: (312) 876-8141
stephen.senderowitz@dentons.com

*Counsel for Defendants*
*Terraform Labs Pte. Ltd., Luna Foundation*
*Guard Ltd., and Do Kwon*

Defendants TFL, LFG, and Do Kwon respectfully submit this supplemental memorandum of law in further support of their motion to dismiss the AC.[1] This supplemental brief is submitted because (i) recently discovered public statements by Plaintiff[2] make clear that he lacks Article III standing (which requires dismissal pursuant to Fed. R. Civ. P. 12(b)(1)) and (ii) a recent decision in another cryptocurrency litigation further supports the arguments by TFL, LFG, and Mr. Kwon for dismissal pursuant to Fed. R. Civ. P. 12(b)(2) and (6), particularly when that decision is considered with Plaintiff's recently-discovered public statements.

## ARGUMENT

**I.   Plaintiff Lacks Article III Standing Because He Profited on His UST and Luna Purchases and Thus Suffered No Loss at All.**

Without a justiciable case or controversy raised by a plaintiff with standing, federal courts have no power to act. *See* U.S. Const. art. III, § 2; *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Plaintiff bears the burden of proving that he has Article III standing. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Flast v. Cohen*, 392 U.S. 83, 95 (1968). A plaintiff seeking to

---

[1] Capitalized terms not defined here have the meanings set forth in the Memorandum in Support of Terraform Labs, Pte. Ltd., Luna Foundation Guard Ltd., and Do Kwon's Motion to Dismiss the Amended Class Action Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (ECF No. 58, "OB").

[2] TFL, LFG, and Mr. Kwon learned of the statements by Plaintiff included in this supplemental brief during the evening of January 3, 2023. On January 4, 2023, counsel for TFL, LFG, and Mr. Kwon reached out to Plaintiff's counsel to provide them with copies of the statements and get their views about the issues raised by these statements. Plaintiff's counsel responded on January 6, 2023 and the full text of the email exchange is attached as **Exhibit A** hereto. Given the content of that response, TFL, LFG, and Mr. Kwon believed it was important that these issues be brought to the Court's attention sooner rather than later.

represent a class must prove that he personally has been injured. *See Warth v. Seldin*, 422 U.S. 490, 502 (1975).

Questions about Article III standing cannot be waived, can be raised at any time, and federal courts must examine whether a plaintiff has Article III standing whenever it is questioned. *See* Fed. R. Civ. P. 12(h)(3); *United States v. Hays*, 515 U.S. 737, 742 (1995); *National Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994). Before the Court considers any other issue, it must determine whether Plaintiff has Article III standing. *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co*., 693 F.3d 145, 159 (2d Cir. 2012).

Article III standing requires (1) an injury in fact (2) that is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). An injury in fact is an invasion of a legally protected interest that is *concrete* and *particularized* and *actual*, not conjectural or hypothetical. *See Ross v. AXA Equitable Life Ins. Co*., 680 F. App'x 41, 45 (2d Cir. 2017).

Regardless of what sort of assets UST and Luna are considered to be, if Plaintiff made a net profit on his purchases of UST and Luna then he has not suffered a loss and lacks Article III standing. *See Kohen* v. *Pac. Inv. Plaintiff Mgmt. Co.*, 571 F.3d 672, 676 (7th Cir. 2009); *cf. Dura Pharms., Inc.* v. *Broudo*, 544 U.S. 336, 346 (2005) (allegation that "a misrepresentation leads to an inflated purchase price" is not enough to plead actual injury because it may not have "proximately cause[d] any economic loss"); *Brown* v. *Medtronic, Inc.*, 628 F.3d 451, 455 (8th Cir. 2010) ("[A]t a minimum, a plaintiff must allege a net loss in investment value that is fairly traceable to the defendants' challenged actions."). Because Plaintiff's own public statements demonstrate that he made a net profit, he lacks Article III standing. In evaluating a motion to dismiss for lack of standing, the Court may consider factual materials outside the complaint. *See*

*Hussein v. Maait*, No. 22-CV-2592 (JSR), 2022 WL 2113994, at *1 (S.D.N.Y. June 13, 2022) (Rakoff, J.); *see also Connecticut Parents Union v. Russell-Tucker*, 8 F.4th 167, 172 (2d Cir. 2021) (court may consider materials outside complaint to resolve a challenge to standing).

Plaintiff started purchasing UST on May 11, well into the depeg event. *See* ECF 75-4 at 4. And his Telegram messages to his StarShip community show that he suffered no net loss at all. *First*, despite supposedly losing $20,000 on his first purchase, the next day he decided to invest another $67 in Luna, and turned it into $4,000 overnight:



By the next day, that $67 Luna purchase was worth more than $20,000:



By May 16, Plaintiff's $67 Luna purchase was worth $35,000 and he confirmed that he had stopped trading UST and Luna:

3



Thus, even if the Court accepts that Plaintiff "lost" $20,000 on his May 11 UST purchase, his own Telegram timeline establishes that he earned a net profit of $15,000 ($35,000-$20,000) on his UST and Luna trading, all of which was after the depeg event. Indeed, Plaintiff publicly bemoaned his failure to buy *more* Luna, saying he could have made *$10 million*:



Because Plaintiff clearly did not suffer any injury that could support Article III standing to assert

4

RICO claims, the AC must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).[3]

## II. The *Ethereummax* Decision and Plaintiff's Telegram Posts Further Support TFL, LFG, and Mr. Kwon's Bases for Dismissal Under Fed. R. Civ. P. 12(b)(2) and (6).

Plaintiff's recently discovered Telegram messages, together with Judge Fitzgerald's recent decision to dismiss a similar complaint in *In re Ethereummax Inv. Litig.*, CV 22-00163-MWF (SKx), 2022 U.S. Dist. LEXIS 220968 (C.D. Cal. Dec. 6, 2022),[4] a cryptocurrency-related RICO class action, further support dismissal under Fed. R. Civ. P. 12(b)(2) and (6).

*First*, Plaintiff's Telegram messages confirm that Plaintiff's purchases were made on a non-US exchange (KuCoin, which is based in the Seychelles[5]), which further supports the argument that *Morrison* bars Plaintiff's claims (OB 24-27):



---

[3] In an Instagram video posted on August 10, 2022 (https://imginn.com/starshipceo/; https://www.instagram.com/p/ChF4xLOJwDe/) (last visited January 6, 2023), Plaintiff described his then-upcoming meeting with counsel to become involved with this case and stated in that video that he had "lost 20,000 on that deal," confirming his statement on Telegram about his total alleged "loss."

[4] A copy of *In re Ethereummax Inv. Litig.*, CV 22-00163-MWF (SKx) (C.D. Cal. Dec. 6, 2022) is attached hereto as **Exhibit B**.

[5] *See* https://www.kucoin.com/news/en-terms-of-use, Article 99 ("This Agreement is concluded in accordance with the laws of the Republic of Seychelles, and its establishment, interpretation, content and performance shall be governed by the relevant laws and regulations of the Republic of Seychelles.  Any claim or lawsuit arising out of or in connection with this Agreement shall be interpreted and enforced by the laws of the Republic of Seychelles.") (last visited January 4, 2023).

*Second*, *Ethereummax* confirms that this Court lacks personal jurisdiction over TFL, LFG, and Mr. Kwon. *See* 2022 U.S. Dist. LEXIS 220968, at \*20-25 (rejecting the argument that a social media post or a YouTube video posted by a defendant outside California were sufficient to establish specific jurisdiction in that state); OB 11-17.

*Third*, *Ethereummax* confirms that PSLRA Section 107 bars Plaintiff's claims. Even though no securities claims were asserted in *Ethereummax* (2022 U.S. Dist. LEXIS 220968, at \*14), Judge Fitzgerald noted the applicability of Section 107 *sua sponte* (*id*. at \*33-34) and did not apply it only because none of the parties had briefed it (*id*. at \*34). Here, however, that issue has been fully briefed and securities claims have been asserted (OB 18-20).[6]

*Fourth*, *Ethereummax* and Plaintiff's Telegram messages confirm that Plaintiff cannot satisfy the proximate cause and reliance requirements to assert RICO claims. As demonstrated above, Plaintiff's Telegram messages show that Plaintiff did not rely on the misstatements alleged in the AC. And Judge Fitzgerald's analysis in *Ethereummax* shows that Plaintiff received exactly what he purchased—the chance to realize a net gain on his UST and Luna purchases (2022 U.S. Dist. LEXIS 220968, at \*34-38)—and actually achieved that net gain. Indeed, Plaintiff was so enamored with Luna even after the depeg that he obtained 200 million Luna to create a StarShip/Luna token trading pair to replace the StarShip/BNB trading pair:

---

[6] Indeed, plaintiffs in cases against other defendants have alleged that "UST and LUNA are securities." *In re BAM Trading Services Inc. Secs. Litig*., Case No. 3:22-cv-03461-JSC (N.D. Ca.), ECF No. 48 at 1 (filed Jan. 4, 2023).



*Fifth*, Judge Fitzgerald's enterprise analysis confirms that Plaintiff has not adequately pleaded a RICO enterprise.  *See Ethereummax*, 2022 U.S. Dist. LEXIS 220968, at *39-47; OB 36-37.

## CONCLUSION

For all the foregoing supplemental reasons and those set forth in their prior briefs, TFL, Mr. Kwon, and LFG respectfully request that the Court dismiss the AC in its entirety.

Dated: January 6, 2023

Respectfully submitted,

*/s/ Douglas W. Henkin*
Douglas W. Henkin
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
douglas.henkin@dentons.com

Stephen J. Senderowitz (admitted *pro hac vice*)
233 S. Wacker Drive
Chicago, Illinois 60606
Tel: (312) 876-8141
stephen.senderowitz@dentons.com

*Counsel for Defendants Terraform Labs Pte. Ltd., Do Kwon, and Luna Foundation Guard Ltd.*